UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

CRIMINAL NO. 08-20213

HONORABLE LAWRENCE P. ZATKOFF

vs.

ROBERT C. DANIELS,

        Defendant.
                                         /

**OPINION AND ORDER**

On October 27, 2008, following the conclusion of a trial by jury, Defendant was convicted of all eight counts with which he was charged. On March 27, 2009, Defendant was sentenced to multiple concurrent terms, including concurrent terms of 420 months for each of Counts I, IV and V. Defendant then appealed his convictions on Counts I-V. Defendant did not appeal his sentences. The Sixth Circuit held: "We AFFIRM [Defendant]'s conviction on Counts II-V, but REVERSE his conviction on Count I." The Sixth Circuit did not vacate any portion of Defendant's sentence (although the sentence on Count I obviously is no longer in effect), nor did the Sixth Circuit state that it was remanding the case to this Court for any purpose.

Based on the absence of any directive from the Sixth Circuit, the Court then ordered:

> counsel for each party to notify the Court, in writing, his or her position regarding the Court's obligation to re-sentence Defendant in light of the Sixth Circuit's ruling.

The parties have responded to the Court's order as directed.

The parties agree (or admit) that neither the Sixth Circuit's opinion nor its mandate states whether the case is being remanded. Defendant correctly argues that this Court has the ability to

exercise its discretion to re-sentence Defendant upon a general remand and urges the Court to do so. That argument is irrelevant in this case, however, as there has been no remand.

Although the Sixth Circuit has not directly addressed the issue of whether a district court has any authority to re-sentence a defendant where the Sixth Circuit has not specified that the case is being remanded, the Second Circuit has addressed this issue. The Second Circuit has held that: "[a] district court may not re-sentence a defendant unless expressly mandated by this court, . . . or pursuant to the strict conditions established by [Federal Rules of Criminal Procedure] 35 or 36." *United States v. Spallone*, 399 F.3d 415, 421(2nd Cir. 2005). *See also United States v. Handa*, 122 F.3d 690, 691(9th Cir. 1997) (citations omitted); 28 U.S.C. § 2106. This Court finds the Second Circuit's holding to be logical and persuasive. The Court also finds that Rules 35 and 36, as well as 28 U.S.C. § 2106, afford no basis for re-sentencing Defendant.

Accordingly, and for the foregoing reasons, the Court holds that, as the Sixth Circuit has not indicated in any manner that this case has been remanded to this Court, this Court is under no obligation – and has no authority – to re-sentence Defendant. Therefore, the Court shall not re-sentence Defendant. Defendant's case remains closed in this Court.

IT IS SO ORDERED.

Date: November 13, 2012

S/Lawrence P. Zatkoff  
HON. LAWRENCE P. ZATKOFF  
United States District Judge